UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20264-CIV-KMW

ADILIO CASTILIO ALVAREZ and all others
similarly situated under 29 U.S.C.216(b),

      Plaintiff,

vs.

LA LOCANDA d/b/a MAX & FRANK, L.L.C.,
MASSIMO FORTUNATO,
FRANCESCO CAVALLETTI,

      Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

COME NOW, the Defendants, LA LOCANDA d/b/a MAX & FRANK, L.L.C., MASSIMO FORTUNATO, and FRANCESCO CAVALLETTI ("Defendants") by and through their undersigned counsel, and file this Answer and Affirmative Defenses to Plaintiff's First Amended Complaint and states as follows:

## ANSWER

1. In response to Paragraph 1 of the Plaintiff's Amended Complaint, Defendants admit that Plaintiff ADILIO CASTILLO ALVAREZ ("Plaintiff") has brought this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Sections 201-216, but Defendant's deny that the FLSA applies to Plaintiff and Defendants and deny that Defendants have violated the FLSA or any of its subparts and demand strict proof thereof.

*Case No.: 1:16-cv-20264*
*Defendants' Answer and Affirmative Defenses to*
*Plaintiff's Amended Complaint*

2. Defendants are without knowledge as to the allegations contained in Paragraph 2 of the First Amended Complaint and therefore deny those allegations at this time and demand strict proof thereof.

3. Defendants admit that the Defendant Corporation regularly transacts business within Dade County but otherwise denies the remaining allegations contained in Paragraph 3 of the First Amended Complaint deny that Plaintiff is entitled to any relief under the FLSA.

4. Defendants admit that Defendant MASSIMO FORTUNATO is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Defendant Corporation and was Plaintiff's employer under the FLSA but denies the remaining allegations relating to the "relevant time period" and demands strict proof thereof.

5. Defendants admit that Defendant FRANCESCO CAVALLETTI is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Defendant Corporation and was Plaintiff's employer under the FLSA but denies the remaining allegations relating to the "relevant time period" and demands strict proof thereof.

6. Defendants deny the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint and demand strict proof thereof.

7. Defendants deny the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint and demand strict proof thereof.

8. Defendants admit the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint for jurisdictional purposes only but deny that Plaintiff is entitled to relief under the FLSA and demands strict proof thereof.

*Case No.: 1:16-cv-20264*
*Defendants' Answer and Affirmative Defenses to*
*Plaintiff's Amended Complaint*

9. Defendants admit the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint as far as this allegation states or summarizes a statement of law, but Defendant's deny that Defendants violated the FLSA in any manner and deny that Plaintiff is entitled to relief under the FLSA and demand strict proof thereof.

10. Defendants deny the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint and demand strict proof thereof.

11. Defendants deny the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint and demand strict proof thereof.

12. Defendants deny the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint and demand strict proof thereof.

13. Defendants admit the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint and demand strict proof thereof.

15. Defendants deny the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint and demand strict proof thereof.

## **FIRST AFFIRMATIVE DEFENSE**

As Defendants' First Affirmative Defense, Plaintiff has been paid all wages and compensation to which Plaintiff is legally entitled. Plaintiff has no rights under the FLSA, and has no standing to represent a purported class of individuals who have not been adequately compensated.

*Case No.: 1:16-cv-20264*
*Defendants' Answer and Affirmative Defenses to*
*Plaintiff's Amended Complaint*

## SECOND AFFIRMATIVE DEFENSE

Defendant's business activities did not involve those to which the FLSA applies as neither Defendant's business nor Plaintiff's work for Defendants affected interstate commerce for the relevant time period nor did Plaintiff's work for Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a consistent and/or continual basis and/or that were supplied to him by Defendants to use in performing his duties did not move through interstate commerce prior to and/or subsequent to Plaintiff's use of same. Plaintiff's work for Defendants was not so closely related to the movement of commerce that the FLSA would apply to Plaintiff's work for Defendants.

## THIRD AFFIRMATIVE DEFENSE

Additionally, Defendants did not regularly employ two or more employees for the relevant time period who handled goods or materials which travelled through interstate commerce, or used instrumentalities of interstate commerce, therefore, Defendants' business is not an enterprise covered under the FLSA.

## FOURTH AFFIRMATIVE DEFENSE

As Defendants' Fourth Affirmative Defense, Plaintiff's claims are not similar, common, or typical to the claims of any putative class which may have any rights under the FLSA, and therefore may not bring a collective action against Defendants under the FLSA.

## FIFTH AFFIRMATIVE DEFENSE

As Defendants' Fifth Affirmative Defense, Plaintiff's claims must fail because Plaintiff's Amended Complaint fails to state a cause of action under which relief may be allowed or granted under the FLSA.

*Case No.: 1:16-cv-20264*
*Defendants' Answer and Affirmative Defenses to*
*Plaintiff's Amended Complaint*

## SIXTH AFFIRMATIVE DEFENSE

As Defendants' Sixth Affirmative Defense, Plaintiff's claims must fail because even if the FLSA applied to Plaintiff and Defendants, which it does not, any alleged violations, even if proven true, were not done willfully as those terms are defined by the applicable provisions of the FLSA, and by case law interpreting the FLSA. Defendants did not violate the FLSA, but if the Court finds that these laws apply and finds any violations, Defendants assert that they had a good faith belief that they were in compliance with the FLSA and therefore Plaintiff is not entitled to liquidated damages or to extend the statute of limitations or "relevant period of time" from two years to three years.

## SEVENTH AFFIRMATIVE DEFENSE

As Defendants' Seventh Affirmative Defense, if this Court determines that the FLSA applies to Plaintiff and Defendants, which it does not, Plaintiff's claims under the FLSA must fail because prior to the filing of Plaintiff's Amended Complaint, Plaintiff has been fully paid for any and all overtime wages to which Plaintiff may have been entitled, and any further payment of overtime wages, whether or not in the form of a liquidated penalty, would constitute unjust enrichment of Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

As Defendants' Eighth Affirmative Defense, if this Court determines that the FLSA applies to Plaintiff and Defendants, which it does not, Plaintiff claims must fail because Plaintiff is collaterally estopped from bringing this action.

*Case No.: 1:16-cv-20264*
*Defendants' Answer and Affirmative Defenses to*
*Plaintiff's Amended Complaint*

## NINTH AFFIRMATIVE DEFENSE

As Defendants' Ninth Affirmative Defense, if this Court determines that the FLSA applies to Plaintiff and Defendants, which it does not, Plaintiff's claims must fail because Plaintiff is barred by the doctrine of waiver, res judicata, laches, estoppel, satisfaction, and release or agreement.

## TENTH AFFIRMATIVE DEFENSE

As Defendants' Tenth Affirmative Defense, if this Court determines that the FLSA applies to Plaintiff and Defendants, which it does not, Plaintiff failed to mitigate his damages and had a duty to mitigate his damages.

## ELEVENTH AFFIRMATIVE DEFENSE

As Defendants' Eleventh Affirmative Defense, if this Court determines that the FLSA applies to Plaintiff and Defendants, which it does not, Defendants are entitled to a set-off for amounts Plaintiff was paid or overpaid by Defendants to Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

As Defendants' Twelfth Affirmative Defense, if this Court determines that the FLSA applies to Plaintiff and Defendants, which it does not, any amounts found by the Court to be owed by Defendants, if any, are *de minimus* and may be cured.

## THIRTEENTH AFFIRMATIVE DEFENSE

As Defendants' Thirteenth Affirmative Defense, Plaintiff's claims are barred, in whole or in part by the applicable Statute of Limitations for Plaintiff to claim entitlement to unpaid overtime wages under the FLSA, which is two years under normal circumstances and which is a third year if Defendants intentionally violated the FLSA by intentionally refusing or failing to pay overtime wages to Plaintiff.

*Case No.: 1:16-cv-20264*
*Defendants' Answer and Affirmative Defenses to*
*Plaintiff's Amended Complaint*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was provided by the Florida CM/ECF Filing and Email on this **18th day of February, 2016** to: J.H. Zidell, Esquire, J.H. Zidell, P.A. Attorney for Plaintiff, 300 71st Street, Suite 605, Miami Beach, FL 33141 at ZAbogado@aol.com.

J.H. Zidell, Esq.
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel.: (305) 865-6766
Fax: (305) 865-7167

        LAW OFFICES OF WILLIAM BRADY, P.A.
        4000 Ponce De Leon Blvd., Suite 800
        Coral Gables. FL 33146
        Tel: (305) 358-7688
        Fax: (786) 221-2810

        By:_____/s/William Brady_____
        WILLIAM BRADY, ESQ.
        Fla. Bar. No.: 0054550